IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KEVIN JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-0200 |
| | § | |
| WILLIAM SPEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS
"PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241"**

On September 17, 2014, petitioner submitted to this court a form "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241."[1] In that pleading, petitioner provided a Texas Department of Criminal Justice (TDCJ) inmate number, and indicated his petition concerned "other." Petitioner did not identify any court which had imposed any sentence against him, and gave no information concerning any convictions or sentences pursuant to which he was confined. Since the title of the form pleading indicated it was a section 2241 petition and due to the fact that petitioner appeared to contend he was being unlawfully held generally, and not pursuant to a state court conviction, petitioner's pleading was treated by the court as a habeas petition brought under 28 U.S.C. § 2241.[2]

In an attached "Sworn Declaration," petitioner advised he is confined in the Clements Unit

---

[1] The form petition was not one of the forms routinely used in the Northern District of Texas.

[2] The clerk of the court actually docketed the petition as an action brought under 28 U.S.C. § 2254.

HAB54\2241\R&R\JOHNSON-200.SOL:2

of the TDCJ and was taken into TDCJ custody on June 14, 2013. Petitioner maintained he is being illegally held and any convictions and sentences were discharged long ago, and/or that the sentences under which he is being held were proceedings to which he was not a party. Petitioner further stated he had no convictions, sentences or charges against him in the State of Texas, and that he had never been to the State of Texas prior to June 14, 2013. Petitioner argued his confinement is illegal, and constituted unlawful imprisonment and confinement. Petitioner also asserted various civil rights claims.

On October 3, 2014, a Briefing Order issued advising petitioner that TDCJ online information indicated he was serving a life sentence for a 1991 conviction for murder. Petitioner was directed to advise, *inter alia*, whether he is currently serving a sentence for murder or for any other conviction, whether in Texas or some other state, and to identify the basis for which he contended his sentence(s) had been discharged.

On October 20, 2015, petitioner advised he has been incarcerated since August 1996 for convictions and sentences out of Mecklenburg County, Virginia for possession of a weapon and two (2) counts of assault, and the corresponding sentences of 5 years, 6 months, and 3 months. Petitioner argued he had long since discharged these three (3) sentences. Petitioner acknowledged a 1991 conviction and life sentence for murder for a defendant named "Kevin Johnson," but argued he was not served notice in the case, did not appear in court, and was not the person named as the defendant. Petitioner further stated that, in any event, he had previously been released from this life sentence, either unconditionally or on parole, and that any release to parole had not been violated or revoked. Petitioner argued he is being illegally held in Texas on the three (3) discharged sentences and the life sentence from which he had allegedly been released.

Seeking further clarification, the court ordered respondent to produce the documents

showing the basis of petitioner's confinement.  In November 2014, respondent filed an advisory identifying all of petitioner's prior convictions, including the life sentence for murder from 1991.[3] Respondent advised petitioner was transferred to Texas under the Interstate Corrections Compact.

The court, in December 2014, still treating this proceeding as a section 2241 petition, issued an order for petitioner to show cause why this case should not be dismissed.  The court noted records reflect petitioner is serving a 1991 life sentence out of Manchester County, Virgnia, and has two (2) sentences assessed in 1995 and 1996 to be served consecutive to the life sentence, to wit:  an 8-year and a 5-year sentence out of Mecklenburg County, Virginia.  The court noted that while petitioner had argued his confinement to be illegal, he had failed to identify why.  The court noted if petitioner is challenging the validity of his underlying convictions, the appropriate relief was a habeas corpus petition brought under 28 U.S.C. § 2254, and that any civil rights claims petitioner wished to pursue should be brought under 42 U.S.C. §1983.

On January 7, 2015, having received no response from petitioner, the undersigned entered a Report and Recommendation to dismiss petitioner's habeas application for want of prosecution and to dismiss for his failure to state a claim upon which habeas relief could be granted.

On January 8, 2015, after receiving a motion to extend the time in which to respond, the undersigned entered a Supplemental Report and Recommendation deleting the recommendation to dismiss for want of prosecution but affirming the recommendation to dismiss for failure to state a claim.  The undersigned noted petitioner had not stated any valid claims under section 2241 demonstrating his confinement was illegal or that he is entitled to federal habeas relief under section

---

[3]Respondent noted the 1991 conviction also included two (2) counts of attempted murder and resulted in two (2) 14-year sentences.  Respondent also provided the court with documentation reflecting three (3) 1990 convictions, *pursuant to a guilty plea*, for Kevin Johnson out of the Circuit Court of the City of Richmond for use of a firearm, during the commission of a malicious wounding, and shooting into an occupied dwelling, and the 10-year and 4-year sentences assessed therein.

2241.

In a response filed January 23, 2015, petitioner asserted the sentences he is serving were unlawfully imposed. Specifically, petitioner appears to argue the 1991 sentences do not apply to him and he is not bound by those proceedings because:

1. Petitioner is not the "Kevin Johnson" indicted in those cases (rather, he was being held in the same jail as the "Kevin Johnson" indicted), and he was not the person tried, convicted and sentenced in those cases, and was in no way involved in the proceedings;[4]

2. Petitioner was never served process in those cases, therefore, the courts lacked personal jurisdiction and subject matter jurisdiction; consequently, the judgments are void *ab initio*;

3. Petitioner was denied his right to self-representation in those cases, therefore, the judgments were procured by fraud and are void; and

4. Petitioner was released from the 1991 life sentence in November 1994 and, therefore, is re-serving sentences already served.

Petitioner requested his immediate and unconditional release from confinement.

Attached to petitioner's response was a declaration wherein petitioner alleged, among other matters, that he has been wrongfully identified as "Kevin Johnson," that he was never charged with an offense, never served with charges or process, and did not voluntarily appear at any proceedings.

I.
NATURE OF PROCEEDING, TIME BAR AND SUCCESSIVENESS

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Cook v. Tex. Dep't*

---

[4]In numerous proceedings filed in Virginia, petitioner has alleged that his birth certificate reflects the name "Olando Lee Trent."

*of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). Clearly, petitioner is seeking immediate release from confinement. Petitioner submitted his petition for writ of corpus indicating it was brought under 28 U.S.C. § 2241. Section 2241 provides the general jurisdictional basis for federal courts to consider challenges to alleged unconstitutional confinement. *See Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991). Section 2241 is the proper habeas remedy if a prisoner "challenges the execution of his sentence rather than the validity of his conviction and sentence." *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (comparing sections 2241 and 2255) (emphasis added). Petitioner has not set forth any claims which could be construed as a challenge to the execution of his sentence. Consequently, the petition in this case is a section 2254 motion.[5] Title 28 U.S.C. § 2254 provides:

> "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Section 2254 specifically confers jurisdiction on the federal courts to consider collateral attacks on state court judgments. *Story v. Collins*, 920 F.2d at 1250. Therefore, challenges to the fact or duration of a petitioner's confinement should be brought under this section. *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995). From his pleadings, it is clear petitioner is directly challenging his original state court convictions and sentences out of Virginia. Consequently, petitioner should have brought this action under section 2254.

As set out above, petitioner is not challenging the constitutionality of his confinement as it relates to any violations which may have occurred within the Amarillo Division of the Northern

---

[5]Since the court clerk identified petitioner's initial application as a petition brought under 28 U.S.C. § 2254 and filed it as such, no re-designation of the nature of the proceeding is necessary.

District of Texas, the district court for the district wherein petitioner is in custody. *See* 28 U.S.C. § 2241(d). Instead, petitioner is attacking the validity and constitutionality of the Virginia state court convictions and sentences under which he is confined. Consequently, a transfer to the Western District of Virginia, Roanoke Division, the district where the state court which convicted and sentenced petitioner is located, would be the more appropriate forum for handling the claims presented in this case.

Review of the federal online case locator system, reflects petitioner has twice brought the exact same claims he raises in this court in habeas corpus proceedings brought in the United States District Court for the Western District of Virginia, Roanoke Division. *See Johnson v. Ray*, 7:09-CV-00500; 7:10-CV-00415. Petitioner dismissed the first action and the court denied petitioner's motion to reopen the case. The second action was dismissed as barred by the statute of limitations.

Petitioner's challenge, in this Texas federal court, to the constitutionality of his Virginia state court judgments, convictions and sentences, remains time-barred. It is the opinion of the undersigned United States Magistrate Judge that petitioner's habeas application is subject to dismissal as time-barred.

Moreover, petitioner's habeas application is successive under 28 U.S.C. § 2244 because it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; and 2) otherwise constitutes an abuse of the writ. *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). This court has does not have subject matter jurisdiction to adjudicate petitioner's claims because petitioner did not first obtain permission from the appropriate court of appeals to file the instant petition. While a transfer to the appropriate appellate court to seek the required authorization is an option in most cases, petitioner's habeas application is also time-barred. Moreover, petitioner has been less than forthcoming in providing the relevant facts about

the procedural history of his underlying Virginia state court convictions and his collateral attacks of such convictions through habeas corpus. The undersigned also notes petitioner is an abusive litigant in multiple venues, having received three strikes for frivolous filings in civil rights cases and having initiated more than fifteen (15) cases nationwide. Dismissal of this case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), (h)(3) of the Federal Rules of Civil Procedure, and 28 U.S.C. section 2244(b)(3)(A), is the more appropriate course. Alternatively, dismissal of petitioner's habeas petition as time-barred is appropriate.

## II.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner KEVIN JOHNSON be DISMISSED.

## III.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this    17th    day of September 2015.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## **<u>NOTICE OF RIGHT TO OBJECT</u>** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).